### FLANNERY v CONYERS et

Ohio Appeals, 1st Dist., Clermont Co.

No. 150. Decided April 4, 1942.

James W. Walker, Batavia, for appellant.

Hugh M. Davidson, Williamsburg, for appellees.

**OPINION**

By ROSS, J.

This case was appealed from the court of common pleas of Clermont county upon questions of law and fact and also upon questions of law.

The case was tried upon an agreed statement of facts which has been filed in this court as evidence upon the appeal on questions of law and fact.

While the judgment entry recites that judgment was rendered thereon it does not appear that the agreed statement of facts was ever "filed" in the common pleas court as is required in order that this court may consider same in an appeal on questions of law only. In the brief of appellant, the indication is that the matter is presented upon "Assignment of Errors", denoting a law appeal.

However, as will appear from the petition the action is to cancel and rescind a written contract, the obligation contained therein having been made a lien upon the real estate of the plaintiff.

The appeal, therefore, will be considered as one upon questions of law and fact.

The plaintiff and defendant's decedent (the defendants being the heirs and the ancillary administrator having been made a party defendant) were husband and wife and divorced June 14, 1939. Prior to such divorce, a separation agreement was entered into between the parties, a part of such agreement provided that upon the sale of certain real estate allocated to the plaintiff, she would pay the decedent the sum of $500.00. The agreement was incorporated in the decree of divorce and the contractual obligation thus created made a lien on such real estate.

In conformity with such agreement and decree, a written instrument in the form of a promissory note was executed by the plaintiff and delivered to decedent. Such note is in letters and terms as follows:

"Amelia, Ohio,
April 13, 1939.

$500.00

On or after the sale of one piece of property located on Adelphi St., Madisonville, Ohio. And on or after the sale of one piece of property located on Apple Road, Amelia, Ohio. I promise to pay to the order of J. F. Conyers (personal) Five Hundred Dollars and no cents for value received of him in cash. The above amount to be paid on or after the sale of either piece of property. No interest to be paid on this note ($500.00).

Bessie I. Conyers.

Witness
N. B. Reynolds
INDORSEMENT: April 13, 1939, Cr. by Cash $5.00."

Some time thereafter, J. F. Conyers died, and thereafter such real estate was sold.

In the petition, after reciting these facts, it is alleged that it is now by reason of the death of J. F. Conyers impossible to perform such agreement to pay $500.00, that such obligation is a lien upon the real estate of plaintiff, and it is prayed that the note may be cancelled and that other necessary equitable relief be granted.

In the agreed statement of facts, it appears that the decedent contemporaneously with the execution of the note by plaintiff stated that he wanted the note paid to him if living at the time of the sale of the real estate, but that if not living he desired the plaintiff to have the benefit of the $500.00.

The trial court, in reaching his conclusion that the note now is a valid obligation of plaintiff and that her petition should be dismissed, excluded such parol evidence as being competent to af-

fect the issues presented by the pleadings.

An examination of the instrument in question presents to the reader thereof a perfectly patent ambiguity. Was it intended that the use of the words "To the order of" should create a negotiable instrument? If so, the qualifying phrase destroyed such intention. Was it intended that the payee should not transfer such note, but that it would be a part of his personal estate if he died before payment? Or was it the intention as the testimony of the witnesses in the agreed statement of facts indicates that payment was to be made only to the decedent in person during his life time?

We are acquainted with no rule of law which prevents the use of parol evidence to dispel such ambiguity in a written instrument. The ambiguity here is not as to a "condition subsequent". The ambiguity is as to who was intended to be the payee of the note at the time of its execution, the decedent personally alone, his transferee, or indorsee, or his administrator. The ambiguity was inherent in the instrument from its inception as an obligation. Nothing could be more uncertain or ambiguous than the terms used. "To the order of" and "personal" are directly contrary in their significance. The parol evidence relates to statements by the decedent, against interest, made contemporaneously with the execution of the instrument which he himself had drawn. Such evidence completely removes the ambiguity and fixes the obligation as one peculiarly personal to the decedent and one which did not survive his death. No more ideal case could be imagined for the proper use of parol evidence in the presence of a patent ambiguity in a written instrument. The prayer of the petition is

granted. Decree may be accordingly presented.

MATTHEWS, PJ., concurs.
HAMILTON, J., dissents in separate memorandum.

HAMILTON, J. (Dissenting):

I do not concur in the conclusion reached by the majority of this court.

The majority opinion seems to take the view that the insertion of the word "personal" in the note renders the note ambiguous and permits its destruction by oral testimony as a valid note. I am of opinion that if any weight should be given to the word "personal" as it appears in the note, it but renders the note non-negotiable, which does not destroy its validity as a written contract, and oral evidence of a testamentary character was not admissible.